1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMETH CHIM, | ) | 1:11cv073 LJO DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| WACHOVIA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Sameth Chim ("Plaintiff"), appearing pro se, filed the instant action on January 13, 2011.  She names Wachovia, Does I through X and ROE Corporations I through V, as Defendants.  Plaintiff paid the filing fee and is therefore not appearing in forma pauperis.

## DISCUSSION

A.    Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief.  Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981).  A claim is legally frivolous when it lacks an arguable basis either in law or fact.  Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

1

1   B.    Plaintiff's Allegations

2        Plaintiff's allegations appear to challenge a pending foreclosure by Defendant Wachovia.

3   According to the complaint, Plaintiff executed a Short Form Deed of Trust and Assignment of

4   Rents to David Alan-Tikal, Trustee of the KATN Revocable Living Trust.  Complaint, ¶ 3 and

5   Exhibit C.  On or about October 18, 2010, David Alan-Tikal attempted to substitute himself as

6   trustee in place of Golden West Savings Association.  Complaint, ¶ 2 and Exhibit B.

7        Although never stated in the complaint, it appears from attached exhibits that a deed of

8   trust may have been executed in September 29, 2005, and recorded on October 10, 2005, naming

9   Plaintiff as the trustor, Golden West Savings Association Co. as the original trustee and World

10  Savings Bank, FSB, Its Successors and/or Assigns as the original beneficiary.  Apparently, David

11  Alan-Tikal attempted to substitute the KATN Trust as the trustee in place of Golden West

12  Savings Association.

13       Thereafter, David Alan-Tikal allegedly sent the Short Form Deed of Trust and

14  Assignment of Rents, along with the purported substitution, to Defendant Wachovia.  Plaintiff

15  alleges that Defendant Wachovia did not "honor the filings with a cease and desist" and served

16  Plaintiff with a Notice of Trustee Sale and Election to Sell Under Deed of Trust.  Complaint, ¶ 5

17  and Exhibit D.

18       Plaintiff further alleges that Defendant Wachovia failed to provide full disclosure

19  pursuant to Federal Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*  Plaintiff also is challenging

20  the validity of foreclosure by Defendant Wachovia.  Plaintiff seeks declaratory and injunctive

21  relief.

22  C.    Failure to Satisfy Federal Rule of Civil Procedure 8

23       As a threshold issue, Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure

24  8.  Although the caption references multiple causes of action, the complaint fails to allege facts

25  sufficient to state a claim.  Rule 8 requires a plaintiff to "plead a short and plain statement of the

26  elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and

27  the elements of the prima facie case."  Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th

28  Cir. 2000).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. Id. at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  557 (2007). The United States Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out *in detail* the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Twombly, 550 U.S. at 556, n. 3.

The instant complaint is 4 pages in length and contains 11 sentences of "relevant facts." However, it omits the most essential facts, including Defendant Wachovia's relationship to the underlying Deed of Trust. While the complaint contains some facts and requested relief, it does not contain any causes of action and provides little, if any, factual support for any alleged wrongful acts. The complaint therefore lacks specific, clearly defined facts or valid, cognizable legal theories as to Defendant Wachovia. In sum, the complaint fails to give Defendant Wachovia fair notice of the claims against it.

D.    TILA

To the extent that Plaintiff attempts to assert a TILA cause of action, her complaint is devoid of facts demonstrating that she has standing as a borrower under any loan. TILA confers a statutory "right of action only on a borrower in a suit against a borrower's creditor." Talley v. Deutsche Bank Trust Co., 2008 WL 4606302, at *2 (D.N.J. Oct.15, 2008). Plaintiff's complaint

1   is devoid of the barest factual allegations including an allegation that she was doing business

2   with any defendant or the identification of a borrower or creditor.  Moreover, Plaintiff's

3   complaint lacks the date of loan consummation or the dates of any other relevant occurrences to

4   determine whether her TILA claim is timely.  15 U.S.C. §§ 1640(e), 1635(f); 12 C.F.R. § 226.23.

5          Plaintiff will be given an opportunity to amend to comply with the requirements Rule 8

6   and to allege sufficient factual matter to state a claim for relief that is plausible on its face.

7   E.     Failure of Tender

8          Insofar as Plaintiff is attempting to enjoin a foreclosure sale, her complaint fails to allege

9   that she tendered the amount of the debt owed.  Under California law, a defaulted borrower is

10  "required to allege tender of the amount of [the lender's] secured indebtedness in order to

11  maintain any cause of action for irregularity in the sale procedure."  Abdallah v. United Sav.

12  Bank, 43 Cal.App.4th 1101, 1109 (1996); see also Lopez v. Chase Home Finance, LLC, 2009

13  WL 1120318, *6 (E.D. Cal. 2009) (stating that "to enjoin a foreclosure sale due to non-judicial

14  foreclosure defects, the [borrower] must in good faith tender amounts to cure the default");

15  Yazdapanah v. Sacramento Valley Mortgage Group, 2009 WL 4573381,*7 (N.D.Cal.2009)

16  (stating that "[w]hen a debtor is in default ..., and a foreclosure is either pending or has taken

17  place, the debtor must allege a credible tender of the amount of the secure debt to maintain any

18  cause of action").

19         "The rules which govern tenders are strict and are strictly applied."  Nguyen v. Calhoun,

20  105 Cal.App.4th 428, 439 (2003).  "The tenderer must do and offer everything that is necessary

21  on his part to complete the transaction, and must fairly make known his purpose without

22  ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it

23  is made to complete the transaction."  Gaffney v. Downey Savings & Loan Assn., 200

24  Cal.App.3d 1154, 1165 (1988).  The debtor bears "responsibility to make an unambiguous tender

25  of the entire amount due or else suffer the consequence that the tender is of no effect."  Id.

26         Plaintiff's complaint does not reference her tender of indebtedness.  Plaintiff will be

27  given leave to amend her complaint to correct this defect to the extent she is able to do so.

28

4

F.      Quiet Title

Plaintiff seeks to quiet title.  However, the complaint fails to allege the required elements for a quiet title claim.

California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include:

1. A legal description and street address of the subject real property;

2. The title of plaintiff as to which determination is sought and the basis of the title;

3. The adverse claims to the title of the plaintiff against which a determination is sought;

4. The date as of which the determination is sought; and

5. A prayer for the determination of the title of the plaintiff against the adverse claims.

Here, the complaint fails to establish "adverse claims" to Plaintiff's title, if any.  A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt ." Lupertino v. Carbahal, 35 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973).  Plaintiff has not alleged that Defendant Wachovia has an interest in the property subject to a quiet title claim.

Moreover, a quiet title claim is doomed in the absence of Plaintiff's tender. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649, 28 P.2d 673 (1934); see Mix v. Sodd, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); Aguilar v. Bocci, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt"). With the complaint's absence of a meaningful ability or willingness to tender Plaintiff's indebtedness, Plaintiff cannot maintain a quiet title claim.

G.      Substitution of Trustee

Plaintiff also fails to demonstrate proper substitution of a trustee.  In other words, Plaintiff has not alleged that the substitution of KATN (or Alan David Tikal) was properly

5

effectuated pursuant to the California Civil Code.  Under California Civil Code section 2934(a), a trustee under a trust deed upon real property may be substituted only by (1) all of the *beneficiaries* under the trust; or (2) the holders of more than 50 percent of the record beneficial interest of a series of notes secured by the same real property or of undivided interests in a note secured by real property equivalent to a series transaction.  Plaintiff's complaint is devoid of factual information regarding the circumstances of the purported substitution of trustee.

H.   Amendment

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within **thirty (30) days** of the date of service of this order.  Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action.  It must contain a short and plain statement of her claims and must clearly set forth the causes of action alleged against each Defendant.  If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed.


IT IS SO ORDERED.

**Dated:    January 19, 2011**                         **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE